OLIVER P. TOOKER, JR., as Administrator of the Estate of CATHARINA M. TOOKER, Deceased, Respondent, v. MYER LOPEZ, Appellant.

Third Department, May 27, 1968.

*Mackenzie, Smith, Lewis, Michell & Hughes (Barry M. Shulman* of counsel), for appellant.

*Kiley, Feldmann, Whalen, Fuller & Devine (William D. Kiley* of counsel), for respondent.

REYNOLDS, J. This is an appeal from an order of the Supreme Court, Madison County, which granted respondent's motion to strike appellant's third separate and complete defense and denied appellant's cross motion for summary judgment, and from the judgment entered thereon.

The facts which give rise to the present action are undisputed. In September of 1964 Marcia Lopez, who was then 20 years old and beginning her fourth year of study at Michigan State University, was permitted by the appellant, her father, to take his Japanese sport car back to the university with her. Both appellant and Marcia were New York State domiciliaries and the car was registered in New York and covered by motor vehicle liability insurance in New York. Catharina Tooker, a New York domiciliary, was also a senior at Michigan State and she returned to school by air from her New York residence in September of 1964. A few days prior to October 16, 1964 Susan Silk, a fellow Michigan State student, invited Miss Lopez to spend the next week end in Detroit at her parents' home. Presumably since all three girls lived in the same dormitory, Miss Tooker learned of the proposed trip and asked Miss Lopez if she could ride with her to Detroit to visit friends. No plans were made for Miss Tooker to return from Detroit with Miss Lopez and while both Miss Silk and Miss Tooker offered to help pay for gas, their offer was declined by Miss Lopez and no money was paid. While en route to Detroit, Miss Lopez in attempting to pass another vehicle, lost control of her sports car which left the highway and overturned, killing Miss Lopez and Miss Tooker and severely injuring Miss Silk.

In opposition to the instant wrongful death action brought by respondent, appellant has asserted as an affirmative defense a Michigan " guest statute " which precludes a recovery for injuries or death of a passenger unless caused by the willful misconduct or gross negligence of the driver (Mich. Vehicle Code, § 257.401). Special Term, distinguishing *Dym* v. *Gordon* (16 N Y 2d 120) and relying on *Babcock* v. *Jackson* (12 N Y 2d 473) and *Macey* v. *Rozbicki* (18 N Y 2d 289), found that on " Evaluation of the ' center of gravity ' and the ' grouping of contacts ' and consideration of the most significant relationship of the occurrence and the parties to the two States  *  *  * New York State ' has the greatest concern with the specific issue raised in the litigation ' and New York Law should apply " and, accordingly, struck the defense and denied appellant's cross motion.

If this were a matter of first impression or if we only had before us as precedent *Babcock* and *Macey,* we might agree with the cogent argument advanced by Special Term. However, we are constrained by the holding in *Dym* v. *Gordon* (*supra*) to find that Michigan law must control. The instant case is factually analogous to *Dym* except in two respects which we will discuss in a moment but which do not in our opinion affect the

result. In *Macey* v. *Rozbicki* (*supra,* p. 292) the court comparing *Dym* and *Babcock* stated: "The *Dym* decision (*supra*), as the majority *Dym* opinion clearly states, ' represents no departure from the rule announced in *Babcock*; merely an example of its application' (16 N Y 2d, p. 128). The notable differences between the *Babcock* situation and that in *Dym* were that in the latter the parties had separately gone to Colorado for a comparatively long stay, that there had been no arrangement made in New York for their meeting in Colorado, but merely a chance encounter in Colorado and a casual invitation to Mrs. Dym to ride in Gordon's car to a place where they were both going. The principal situs of the relationship was in Colorado." The "notable differences" which the court in *Macey* found to distinguish *Dym* from *Babcock* are clearly present in this case. Both parties came to Michigan separately and for a comparatively long stay, no arrangement had been made in New York for their meeting in Michigan and the ride was the product of a casual chance encounter because they were both going to the same place. We cannot see how the fact that in *Dym* the accident resulted from a collision with another vehicle registered in Kansas while here it was a one-car accident with a Michigan domiciliary as an injured passenger, or that here a wrongful death claim instead of a claim for personal injuries is significant enough to overcome the reasoning advanced in *Dym*. We regard this case as on all fours with *Dym* and until *Dym* is overruled, which, of course, must be done by the Court of Appeals, we are bound by it. *Miller* v. *Miller* (22 N Y 2d 12) is not factually apposite to the instant case and in any event clearly did not overrule *Dym*. Accordingly, the order and judgment appealed from should be reversed, respondent's motion to strike appellant's third affirmative defense denied and appellant's cross motion for summary judgment dismissing the complaint granted.

GIBSON, P. J., AULISI, STALEY, JR., and GABRIELLI, JJ., concur.

Order and judgment reversed, on the law and the facts; respondent's motion to strike appellant's third affirmative defense denied, and appellant's motion for summary judgment dismissing the complaint granted, without costs. Settle order.